IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOE HICKS                                                                                      PLAINTIFF

v.                                              CIVIL NO. 21-cv-6168

KILOLO KIJAKAZI, Acting Commissioner                                                           DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Joe Hicks, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his application for SSI on June 24, 2019. (Tr. 22). In his application, Plaintiff alleged disability beginning on January 1, 2014, due to type II diabetes, COPD, asthma, breathing problems, PTSD, hypertension, degenerative disc disease of the neck and lower back, migraine headaches, left shoulder reconstruction, colon polyps, GERD, acid reflux, inflamed stomach lining, obesity, narcolepsy, night tremors, rheumatoid arthritis, and tendonitis in both feet. (Tr. 22, 234). An administrative hearing was held via telephone on October 27, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 41–88). A vocational expert ("VE") also testified. *Id*.

On December 28, 2020, the ALJ issued an unfavorable decision. (Tr. 19–35).  The ALJ found that Plaintiff had the following severe impairments: asthma, chronic obstructive pulmonary

1

disease, restrictive lung disease, diabetes mellitus, hypertension, obesity, degenerative joint disease of the left shoulder with rotator cuff tear, degenerative disc disease of the lumbar spine with sciatica, obstructive sleep apnea, lower extremity edema, degenerative joint disease of the left ankle with ruptured tendon and tenosynovitis. (Tr. 24). The ALJ found Plaintiff had nonsevere impairments of abscess of left shoulder, depression, generalized anxiety disorder, headaches, gastroesopheal reflux disease, neuropathy, chronic pain syndrome, lumbosacral radiculopathy, allergic rhinitis, cervical radiculopathy and spondylosis, cocaine abuse, marijuana abuse, alcohol abuse, tobacco use disorder, chronic diastolic heart failure, and narcolepsy. The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 27–28). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except for the following limitations. The claimant can occasionally climb ramps and stairs and never climb ladders, ropes, or scaffolds. The claimant can occasionally stoop, kneel, crouch, and crawl. The claimant can occasionally overhead reach with the left upper extremity. The claimant must avoid concentrated exposure to pulmonary irritants including dust, gases, odors, fume, and poor ventilation; excessive vibration; excessive wetness and humidity; and extreme temperatures, both hot and cold. (Tr. 28–33).

The ALJ found Plaintiff had no past relevant work. (Tr. 33). However, with the assistance of the VE, the ALJ found Plaintiff could perform the representative occupations of document preparer, addresser, or call out operator. (Tr. 34). The ALJ found Plaintiff's was not disabled from June 24, 2019, through December 28, 2020, the date of his decision. (Tr. 34).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 13, 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) Whether the ALJ erred by drawing his own inferences regarding Plaintiff's daytime oxygen requirement; 2) Whether the ALJ erred in finding Plaintiff did not meet the listings, particularly listings 3.02, 3.03, and 3.14; and 3) Whether the ALJ erred in failing to procure further medical opinion evidence. (ECF No. 13). Defendant argues that the ALJ appropriately considered Plaintiff's pulmonary difficulties, and his opinion was supported both by normal lung examination findings and Plaintiff's continued smoking and substance use. (ECF No. 14). Defendant argues the ALJ adequately accounted for Plaintiff's pulmonary impairments in the RFC by limiting him to sedentary work and finding he must avoid concentrated exposure to pulmonary irritants, excessive wetness and humidity, and extreme temperatures. Finally, Defendant argues the Plaintiff did not meet the listing requirements for 3.02C.

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most that a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This assessment includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. *Guilliams v. Barhart*, 393 F. 3d 798, 801 (8th Cir. 2005). *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations arising from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

In his RFC findings the ALJ found daytime oxygen was not necessary, considering treatment notes that indicated treatment had been focused on sleep desaturation events, and further found there was no indication that Plaintiff presented with an oxygen tank in November of 2020. (Tr. 32). However, the record the ALJ cites to for this proposition contains a treatment note "suspect need for continuous oxygen due to aspiration pneumonia." (Tr. 1039). It also contains patient instructions: "Continue using oxygen at 2L/min per nasal cannula at rest, and with exertion." (Tr. 1040). Plaintiff using 2L/min oxygen via cannula at his pulmonology visit on August 24, 2020, and was also noted to be wearing an oxygen mask at his mental examination in September of 2020. (Tr. 932–34, 1029). Clearly, Plaintiff was using daytime oxygen upon medical advice in the fall of 2020. This oversight is reversible error as the VE testified that adding a

4

requirement of supplemental oxygen to the hypothetical would preclude the individual from completing his work duties. (Tr. 81–84).

Of additional concern to the undersigned is a total lack of limitations in the RFC accounting for mental limitations and the impact they would have on Plaintiff's ability to concentrate and maintain pace and persistence. While the ALJ did consider the state agency medical expert opinions regarding Plaintiff's mental RFC and found they were supported by Plaintiff's limited treatment for mental impairments, noncompliance, and activities of daily living; the last piece of evidence considered by the nonexamining physicians was from October of 2019, more than a year before the decision was rendered. (Tr. 33, 105–107). Plaintiff was noted to have difficulty remaining awake during his application for benefits, with the intake person noting he was very drowsy, his eyes would close, and he would immediately start snoring. (Tr. 246). This happened throughout the interview, 10-15 times at least. Plaintiff testified that he fell asleep in his lawyer's office and the doctor's office among other places. (Tr. 70). The ALJ did note that Plaintiff was falling asleep and difficult to wake at a primary care visit in July of 2020, and that he was falling asleep between questions during an ER visit the next month, but seems to have considered this only as an indication of Plaintiff's pulmonary function worsening. (Tr. 31). The nonexamining physicians did not have access to Plaintiff's mental examination on September 8, 2020, at which Plaintiff reported hallucinations and was diagnosed with recurrent, severe, major depressive disorder with psychosis. Plaintiff was noted to be wearing an oxygen mask and staring into different corners of the room in an odd manner. (Tr. 1029–30). While Plaintiff's pulmonary function could be the cause of drowsiness at certain times, he also has diagnoses of sleep apnea, narcolepsy, and major depressive disorder with psychosis. The ALJ did not have medical opinion

evidence which took into account Plaintiff's symptoms of psychosis and did not consider the combined effects of Plaintiff's mental limitations.

The Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's RFC. On remand, the ALJ is directed to obtain RFC assessments from the Plaintiff's treating physicians and mental health professionals, allowing the treating physicians the opportunity to provide an explanation for the limitations assigned should the ALJ have questions. If they are unwilling or otherwise unable to complete the RFC assessments, then the ALJ is directed to order consultative examinations, in which, the consultative examiners should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### IV.   Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 16th day of February 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE